UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**97-0817 CIV-LENARD**

| | |
|---|---|
| DELIA LORENZANA, | |
| Plaintiff, | CASE NUMBER: |
| vs. | |
| SHIPCO TRANSPORT, INC., a Florida corporation, | CLASS ACTION |
| Defendant. | JURY TRIAL DEMANDED |

**MAGISTRATE JUDGE GARBER**

C O M P L A I N T

Plaintiff, DELIA LORENZANA, ("LORENZANA"), by and through her undersigned attorneys, files this, her Complaint against Defendant, SHIPCO TRANSPORT, INC., a Florida Corporation, ("SHIPCO"), and states as follows:

INTRODUCTION

1. This is a proceeding for monetary damages to redress the deprivation of rights secured to Plaintiff by the maximum hour provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA").

JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

VENUE

3. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed within Dade County, Florida; and

b. Defendant, SHIPCO, was and continues to be a corporation doing business within this judicial district.

**PARTIES**

4. At all times material hereto, Plaintiff, LORENZANA, was and continues to be a resident of Dade County, Florida.

5. At all times material hereto, Plaintiff, LORENZANA, was an "employee" of Defendant, SHIPCO, within the meaning of the FLSA.

6. At all times material hereto, Defendant, SHIPCO, was and continues to be a corporation organized under the laws of the State of Florida. Further, at all times material hereto, Defendant, SHIPCO, was and continues to engage in business in Dade County, Florida at 8600 N.W. 53rd Terrace, Suite 103, Miami, Florida.

7. At all times material hereto, Defendant, SHIPCO, was the employer of Plaintiff, LORENZANA.

8. At all times material hereto, Defendant, SHIPCO, was and continues to be an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant, SHIPCO, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, the work performed by Plaintiff, LORENZANA, was directly essential to the business performed by Defendant, SHIPCO.

11. At all times material hereto, by virtue of the work performed by Plaintiff, LORENZANA, Plaintiff was engaged in commerce within the meaning of the FLSA.

12. At all times material hereto, Defendant's acts and/or omissions set forth herein occurred within Dade County, Florida.

13. Plaintiff, LORENZANA, has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

14. On April 8, 1996, Plaintiff, LORENZANA, was hired by Defendant, SHIPCO, as an export coordinator, a job for which she was fully qualified.

15. From April 8, 1996 and continuing through August 26, 1996, Plaintiff, LORENZANA, was to be paid an hourly wage of $16.15 for the maximum hours allowed per week as provided in the FLSA.

16. At all times material hereto, Plaintiff, LORENZANA, was not compensated for hours worked in excess of the maximum hours allowed per week; a practice prohibited by the FLSA.

17. From April 8, 1996 and continuing through August 26, 1996, Defendant, SHIPCO, compensated Plaintiff at a fixed salary of $1,292.00 bi-weekly.

18. From April 8, 1996 and continuing through August 26, 1996, Defendant, SHIPCO, failed to compensate Plaintiff at the statutory rate for those hours worked in excess of the maximum

hours allowed by the FLSA. Plaintiff should have been compensated at the statutory rate of time and one-half.

19. At all times material hereto, Plaintiff, LORENZANA, never directed the work of two or more employees, nor did she have the authority to hire or fire other employees or make decisions as to the advancement, promotion, or change of status of employees. Furthermore, Plaintiff devoted more than twenty percent (20%) of her job duties to non-supervisory activities.

20. At all times material hereto, Plaintiff, LORENZANA, did not perform work directly related to management policies.

21. At all times material hereto, Plaintiff's, LORENZANA, duties did not require regular and customary "exercise of discretion and independent judgment" with respect to matters of consequence as those terms are defined within the Wage and Hour Regulations promulgated by the United States Department of Labor. Additionally, Plaintiff did not have the authority or power to make independent choices free from immediate direction or supervision, with respect to matters of some significance.

22. Defendant, SHIPCO, violated Title 29 U.S.C. § 207, from April 8, 1996 and continuing through August 26, 1996 in that:

    a. Plaintiff worked in excess of the maximum hours provided by the FLSA;

    b. no provisions were ever made by Defendant, SHIPCO, to properly pay Plaintiff at the statutory rate of time and one-half for those hours worked in excess of the maximum hours provided by the FLSA; and

   c. no payments were ever made to Plaintiff by Defendant, SHIPCO, at the statutory rate of time and one-half for her hours worked in excess of the maximum hours provided by the FLSA.

23. Plaintiff has retained the Law Firm of KUSNICK & ROTHSTEIN, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207**
**OVERTIME COMPENSATION**

Plaintiff realleges and reavers paragraphs 1 through 23 of this Complaint as if fully set forth herein.

24. Plaintiff's, LORENZANA, employment with Defendant, SHIPCO, was to consist of a normal work week of forty (40) hours for which she was to be compensated at the hourly rates set forth above in paragraph 15.

25. From April 8, 1996 and continuing through August 26, 1996, in addition to Plaintiff's, LORENZANA, normal work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

26. Plaintiff, LORENZANA, was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the actual number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody and control of Defendant. Plaintiff is unable to state at this time the exact amount due her. Plaintiff intends to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of court to amend her Complaint to set forth the precise amount due her.

28. From April 8, 1996 to August 26, 1996 Plaintiff worked in excess of the maximum hours provided by the FLSA as follows:

    a. 5.75 hours for the week ending April 2, 1996;
    b. 8.50 hours for the week ending April 19, 1996;
    c. 15.50 hours for the week ending April 26, 1996:
    d. 10.75 hours for the week ending May 3, 1996;
    e. 20.50 hours for the week ending May 10, 1996;
    f. 14.75 hours for the week ending May 17, 1996;
    g. 19.25 hours for the week ending May 24, 1996;
    h. 7 hours for the week ending May 31, 1996;
    i. 16.50 hours for the week ending June 7, 1996;
    j. 15.50 hours for the week ending June 14,1996;
    k. 12.25 hours for the week ending June 21, 1996;
    l. 13.75 hours for the week ending June 28, 1996;
    m. 15.50 hours for the week ending July 12, 1996;
    n. 7 hours for the week ending July 19, 1996;
    o. 1.50 hours for the week ending July 26, 1996;
    p. 6.50 hours for the week ending August 2, 1996;

  q. 11.50 hours for the week ending August 9, 1996; and

  r. 9.50 hours for the week ending August 16, 1996.

 29. Accordingly, based upon information and belief, from April 8, 1996 and continuing through August 26, 1996, Plaintiff is owed overtime compensation for approximately 211.50 hours totalling $ 5,124.65 calculated as follows: ($ 16.15 x 1.50 x 211.50 hours).

 30. Defendant, SHIPCO, knew of and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, LORENZANA, at the statutory rate of time and one-half for the hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

 31. Furthermore, Defendant, SHIPCO, failed to properly disclose or apprise Plaintiff, LORENZANA, of her rights under the FLSA.

 32. As a direct and proximate result of Defendant's, SHIPCO, willful disregard of the FLSA, Plaintiff, LORENZANA, is entitled to liquidated damages.

 33. Due to the intentional, willful, and unlawful acts of Defendant, SHIPCO, Plaintiff, LORENZANA, has suffered damages in the amount of $ 5,124.65 plus an equal amount as liquidated damages totalling, $ 10,249.30.

 34. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

 **WHEREFORE,** Plaintiff, LORENZANA, respectfully requests that judgment be entered in her favor against Defendant, SHIPCO:

a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount of $ 5,124.65;

c. Awarding Plaintiff liquidated damages in the amount of $ 5,124.65;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff post judgment interest; and

g. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### OVERTIME COMPENSATION
### 29 U.S.C. § 216(b) - STATUTORY CLASS ACTION

Plaintiff realleges and reavers paragraphs 1 through 34 of this Complaint as if fully set forth herein.

35. Plaintiff brings this action on behalf of herself and other employees and former employees of Defendant, SHIPCO, similarly situated to her for overtime compensation and other relief pursuant to the FLSA, as amended, 29 U.S.C. § 216(b).

36. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant, SHIPCO, who worked at 8600 N.W. 53rd Terrace, Miami, Florida, in excess of forty (40) hours during any work week who did not directly supervise two or

more full time employees and whom were not paid time and one half as mandated by 29 U.S.C. § 207.

37. At all times material hereto, Defendant, SHIPCO, failed to comply with Title 29 U.S.C. §§ 201-219 and United States Department of Labor Regulations 29 C.F.R. §§ 516.2 and 516.4 with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §§ 201-219, wholly disregarding the fact that they were not exempt.

38. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were put on salary and expected to work in excess of forty hours per week without being paid at the rate of time and one half for those hours exceeding forty.

39. Records, if any, concerning the actual number of hours worked by Defendant's employees and former employees and the actual compensation paid to Defendant's employees and former employees similarly situated to Plaintiff are in the possession and custody and control of Defendant. These individuals are unable to state at this time the exact amount due and owing each similarly situated employee. Such information will be obtained by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of court to amend the Complaint to set forth the precise amount due each Plaintiff.

40. All similarly situated employees are owed their overtime rates for each overtime hour they worked and were not paid.

41. Due to the intentional, willful, and unlawful acts of Defendant, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorney's fees and costs.

42. As a direct and proximate result of Defendant's, SHIPCO, willful disregard of the FLSA, all similarly situated employees are entitled to liquidated damages in an equal amount to the amount by which each similarly situated employee or former employee has been damaged.

**WHEREFORE**, those similarly situated employees and former employees who have or will opt in to this action demand that judgement be entered against Defendant, SHIPCO:

    a. Declaring, pursuant to 28 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiffs overtime compensation due them for hours worked by them for which they have not been properly compensated;

    c. Awarding Plaintiffs liquidated damages;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f. Awarding Plaintiffs post judgment interest; and

    g.    Ordering any other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED this 25 day of March, 1997.

                      Respectfully submitted,

                      KUSNICK & ROTHSTEIN, P.A.
                      Attorney for Plaintiff
                      8211 West Broward Blvd.
                      Suite 420
                      Ft. Lauderdale, FL   33324
                      (954) 472-8900
                      FAX: (954) 472-8582

                      By: _____
                          SCOTT W. ROTHSTEIN, ESQ.
                          Fla. Bar No. 765880

f:\document\wp51\97-5816\complain

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
DELIA LORENZANA.

**DEFENDANTS**
SHIPCO TRANSPORT, INC., a New Jersey Corporation.

**97-0817 CIV-LENARD**
**MAGISTRATE JUDGE GARBER**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Kusnick & Rothstein, P.A. 8211 W. Broward Blvd.
Suite 420, Fort Lauderdale, FL 33324
(954) 472-8900

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 USC Section 207 (violation of overtime provisions of the Fair Labor Standards Act)

**IVa.** 2-3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappoitment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury-Med Malpractice | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Employee Ret. Inc. Security Act B | **A FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights * A or B | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☐ 890 Other Statutory Actions * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
☐ Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____
DOCKET NUMBER _____

**DATE** March 31, 1997
**SIGNATURE OF ATTORNEY OF RECORD** Scott W. Rothstein

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 511205
Date Paid: 03-31-97
Amount: $150.00
M/ifp: _____